## ELDRIDGE et al. v. CROW.

(City Court of New York, General Term. October 20, 1893.)

COUNTERCLAIM—CONTINGENT LIABILITY.

In an action on a note given for work done by plaintiffs, the answer alleged that, by reason of plaintiffs' negligence, one O. was injured, and that defendant was liable for the injury; that the note sued on was given on condition that plaintiffs should satisfy O.'s claim for damages; that they have not done so; and that, in consequence thereof, defendant was damaged in a certain sum. The answer did not allege that defendant had paid O.'s claim. *Held*, that it did not state a counterclaim.

Appeal from special term.

Action by George H. Eldridge and Charles E. Fogg, partners under the firm name of Eldridge & Fogg, against Moses R. Crow, on a note made by defendant in plaintiffs' favor for $2,000. There was a judgment in favor of plaintiffs, entered on an order sustaining a demurrer to a counterclaim, and defendant appeals. Affirmed.

Defendant, by way of counterclaim, alleged in his amended answer that he had made a contract with the New York & Westchester Water Company to construct said company's water works; that, in order to carry out the contract with the water company, defendant entered into a contract with plaintiffs, whereby they undertook to do a portion of the work; that, while performing the work, plaintiffs negligently left an excavation open, without signal lights, at night, and that in consequence thereof one John O'Hara drove his team into said excavation, and was injured; that said O'Hara has presented a claim for $1,000 to the village in which the excavation was made; and that defendant is informed and believes that under and by virtue of the terms of his said contract he is liable for any and all damage sustained by said John O'Hara by reason of the occurrence aforesaid. Defendant further alleged that the promissory note mentioned in the complaint in this action was given on account of plaintiffs' services under their said contract by him, and accepted by the plaintiffs subject to and on condition that plaintiffs should settle with and satisfy said John O'Hara for his claim for damages, as aforesaid. Defendant also alleged, on information and belief, that plaintiffs have not settled with or satisfied the said John O'Hara for his said claim for damages as aforesaid, and that by reason of the breach of their said contract by plaintiffs, and their negligence in leaving in one of the streets of said village an open trench, unlighted, this defendant has sustained damages in a large sum, to wit, $700.

Plaintiffs demurred to the counterclaim contained in the answer of defendant "on the ground that it appears on the face of said counterclaim that it is not of the character allowed by law to be pleaded in this action, not being a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, and on the further ground that it does not state facts sufficient to constitute a cause of action."

The decision of the court on demurrer was as follows: "(1) That it appears on the face of the counterclaim contained in and constituting the amended

answer of the defendant that it is not of the character allowed by law to be pleaded in this action, not being a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim. (2) That it appears on the face of the counterclaim contained in and constituting the amended answer of the defendant that it does not state facts sufficient to constitute a cause of action. (3) That both of the grounds of demurrer of the plaintiffs to the counterclaim contained in and constituting the amended answer of defendant are well taken. (4) That the plaintiffs are entitled to final judgment sustaining said demurrer, with costs, which are hereby awarded to the plaintiffs, to be paid by the defendant. And I hereby order and direct that said costs be adjusted by the clerk of this court, and that final judgment be entered in favor of the plaintiffs against the defendant on the complaint herein."

Argued before EHRLICH, C. J., and McCARTHY, J.

A. Perry, for appellant.

B. D. Eisler, for respondents.

EHRLICH, C. J.    The matters set up by the defendant are pleaded as a counterclaim, and, as such, they are not the subject of counterclaim to an action on a promissory note.    The defendant had not paid O'Hara's claim, on which he relies, and may never be obliged to pay it, or any part thereof, and until then his loss is not the subject of set-off.    In view of these facts, the condition said to have been affixed to the delivery of the note does not aid the alleged counterclaim, as such.    It follows that the judgment appealed from must be affirmed, with costs.